# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:19-CR-00095-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) **ORDER** |
| ANDRE MARQUESE WHITE, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. No. 79) ("Motion"). The Defendant has not responded to the Government's motion. Therefore, pursuant to 18 U.S.C. §§ 3613(a), 3664(n), and 3664(k), the Court **GRANTS** United States' Motion.

## BACKGROUND

On August 5, 2020, Defendant pleaded guilty to conspiracy to commit wire fraud and money laundering. On February 18, 2021, this Court sentenced Defendant to a total of forty-six (46) months' imprisonment and three years of supervised release. This Court also ordered Defendant to pay $888,635.00 in restitution and a $200.00 special assessment. To date, Defendant has paid $50.00 toward his special assessment and nothing toward restitution. Defendant remains in federal custody and is currently assigned to the Federal Correctional Institution in Terre Haute. Defendant is scheduled to be released from federal custody in July 2024. The current balance of Defendant's monetary penalties is $888,785.00.

The United States Attorney's Office recently learned that Defendant currently has $4,750.02 in his inmate trust account maintained by the Bureau of Prisons ("BOP"). The United States moves for entry of an order authorizing the BOP to turn over $4,550.02 of the funds held in Defendant's

inmate trust account to the Clerk of Court as payment toward the restitution owed to the victims of Defendant's crime.

## DISCUSSION

Title 18, United States Code, section 3613 sets out procedures for the United States to enforce criminal monetary penalties, including restitution and fines. *See* 18 U.S.C. §§ 3613(a) and (f). Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arises against all the defendant's property and rights to property, including the defendant's interest in funds held by the BOP in his inmate trust account. *See* 18 U.S.C. § 3613(a) (United States may enforce restitution against all property and rights to property of the defendant).

The Mandatory Victims Restitution Act ("MVRA') permits the United States to use "all other available and reasonable means" to collect restitution. *See* 18 U.S.C. § 3664(m)(1)(A)(ii). The MVRA also requires that a defendant's substantial resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. *See* 18 U.S.C. § 3664(n); *see, e.g.*, *United States v. Bryan Keith Flowers*, Case No. 5:04-CR-00001, (W.D.N.C. September 16, 2021) (ordering turnover of funds in inmate trust account pursuant to § 3664(n) and § 361). The MVRA further authorizes the Court to order payment of a restitution obligation upon notice of a material change in a defendant's economic circumstances that affects his ability to pay restitution "as the interests of justice require." *See* 18 U.S.C. § 3664(k).

The funds at issue are currently in the Government's possession and the Government has a valid lien over the funds. Further, because the property at issue is cash, it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Thus, the Court concludes that an order authorizing the turnover of the Defendant's property is appropriate here.

**IT IS THEREFORE ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. No. 79) is **GRANTED**, and the Bureau of Prisons is hereby authorized to turn over to the Clerk of Court $4,550.02 held in the inmate trust account for the Defendant as payment toward his restitution obligation in this case.

**SO ORDERED.**

Signed: January 12, 2022

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge